Rev. 1/6/2023

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHANNON D. WREN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>(FNU) (LNU), Highway Patrol Sergeant, State of Kansas, Jackson County,<br><br>　　　　Defendant. | Case No. 23-CV-3091 |

# SCHEDULING ORDER

On **August 23, 2023**, the undersigned U.S. Magistrate Judge, Gwynne E. Birzer, conducted a status conference via Zoom regarding discovery and deadlines to govern this case. Plaintiff Shannon D. Wren appeared *pro se*. Defendant appeared through counsel Matthew Lee Shoger.[1]

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

---

[1]As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, crossclaimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief.  The term "defendant" includes defendants as well as counterclaim defendants, crossclaim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

1. **Early Settlement.**

The Court discussed the possibility of early settlement with the parties. Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **October 20, 2023**. Defendant must make a good-faith counter-proposal by **November 3, 2023**.

2. **Discovery.**

   a. All discovery must be commenced or served in time to be completed by **April 19, 2024**.

   b. The parties agree that principles of comparative fault do not apply.

   c. Expert disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by plaintiff by **December 29, 2023**, and by defendant by **February 29, 2024**; disclosures and reports by any rebuttal expert(s) must be served by **March 29, 2024.** The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).

  **d.**  The parties must complete all physical or mental examinations under Fed. R. Civ. P. 35 by **February 9, 2024**.  If the parties disagree about the need for or scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline to allow the motion to be fully briefed and decided by the court, and the examination conducted, all before the deadline expires.

  **e.**  All depositions will be governed by the written guidelines on the court's website:

  *http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

  **f.**  Discovery may be governed by a protective order.  If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed protective order by **October 13, 2023**.  This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

  *http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/PO-Guidelines-Form-Rev.-March-2019.pdf*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c).  A pre-approved form protective order is available on the court's website:

  *http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

If the parties disagree on the need for, scope, and/or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **October 13, 2023**.

**g.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**2.   Motions**

**a.** Plaintiff shall file an amended pleading to correctly identify the Defendant and to clarify what legal claim(s) he is making by **September 8, 2023**.

**b.** Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **November 9, 2023**.

**c.** Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional

4

information should be submitted or filed in advance of this conference. Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

**For purposes of complying with the "meet and confer" requirements, the Court construes the term "confer" to require more than mere email communication. The parties, in person and/or through counsel, shall have verbal communications with each other; that is, they must first actually *talk* with each other about their discovery disputes, and then contact the Court for a discovery conference, before filing a motion to compel or similarly related discovery motion.**

d. To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

e. Page limitations for principal briefs, responses and replies must comply with D. Kan. Rule 7.1.

3. **Pretrial Conference, Trial, and Other Matters.**

a. The Court sets this matter for a status conference via Zoom on **April 26, 2024, at 11:00 a.m.** A link to the conference will be provided to counsel and the Jackson County Jail. The parties should be prepared to discuss the status of the case, the pretrial order, and pretrial conference.

**b.** If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

**c.** This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated August 24, 2023, at Wichita, Kansas.

s/ Gwynne E. Birzer

_____
GWYNNE E. BIRZER
U.S. Magistrate Judge

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Amend complaint to clarify specific legal claim(s) and to amend the case caption | **9/8/23** |
| Jointly proposed protective order submitted to court | **10/13/23** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **10/13/23** |
| Plaintiff's settlement proposal | **10/20/23** |
| Defendant's settlement counter-proposal | **11/3/23** |
| Comparative fault identification | **N/A** |
| Motions to amend | **11/9/23** |
| Experts disclosed by Plaintiff | **12/29/23** |
| Experts disclosed by Defendant | **2/29/24** |
| Rebuttal experts disclosed | **3/29/24** |
| Physical and mental examinations | **2/9/24** |
| All discovery completed | **4/19/24** |
| Status conference | **4/26/24 @ 11:00 AM via Zoom** |
| Pretrial conference | **TBD** |
| Potentially dispositive motions (e.g., summary judgment) | **TBD** |
| Motions challenging admissibility of expert testimony | **TBD** |
| Trial @ [insert location]; ETT: [insert number] days | **TBD** |