## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SHANNON D. WREN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case. No. 23-3091-JWB-GEB** |
| ) | |
| **LT. CHRISTOPHER BOWLING,** *et al.*, ) | |
| ) | |
| **Defendant.** ) | |
| ————————————————————) | |

## ANSWER TO AMENDED COMPLAINT

Defendants Lieutenant Christopher Bowling, of the Kansas Highway Patrol, and the State of Kansas state their answers to the Amended Complaint (Doc. 22):

1. Paragraph A(1), A(2), and the first paragraph D(1) are *admitted*.

2. Paragraph A(3) is *admitted* except as follows:

    a. The relationship between the State of Kansas and the Kansas Highway Patrol is not that of employer and employee, but rather the Kansas Highway Patrol is an agency of the State of Kansas.

3. Paragraph B(1) is *admitted* in part and denied in part as follows:

    a. It is *admitted* that Plaintiff fled from police on August 19, 2020.

    b. It is *admitted* that Plaintiff ended up in the woods during the pursuit.

    c. It is *admitted* that Plaintiff was a threat to himself, but it is denied that he was *only* a threat to himself. He also posed an apparent threat to an apparent hostage and/or to the police officers on the scene.

    d. It is *admitted* that Plaintiff had a knife.

    e. It is *admitted* that Plaintiff held the knife to his own throat, but the implication is denied that he *only* held the knife to his own throat.

f.  It is *admitted* that Plaintiff said he was going to kill himself, but the implication is <u>denied</u> that he *only* threatened himself.

g.  It is *admitted* that Plaintiff walked down the hill, but it is <u>denied</u> that Plaintiff complied with officers' demands.

h.  It is <u>denied</u> that Plaintiff set Ms. Garnes down on a log.

i.  It is <u>denied</u> that Plaintiff was about to throw his knife down.

j.  It is *admitted* that Lt. Bowling shot Plaintiff.

k.  It is *admitted* that body cam videos show the incident.

l.  It is <u>denied</u> that Plaintiff was only a threat to himself. He remained an apparent threat to the hostage and/or to the officers throughout the encounter until he was shot.

m.  It is *admitted* that Plaintiff was only "several yards" from the officers when he was shot.

n.  It is *admitted* that Plaintiff had the knife to his own throat when he was shot.

o.  It is <u>denied</u> that Plaintiff posed a threat to no one but himself at the time he was shot.

p.  It is *admitted* that Plaintiff was shot.

q.  Whether Plaintiff was *unjustly* shot is a <u>legal conclusion</u> rather than a factual allegation, but to the extent it states a factual allegation it is <u>denied</u>.

r.  Defendants *admit* that the shot caused some injuries to Plaintiff including multiple teeth destroyed, disfigurement of his face, that he coded at least once and was resuscitated, that he was taken to the hospital in a Lifestar

Air Ambulance, and that he was comatose and on life support.

s.   Defendants <u>lack knowledge or information sufficient to form a belief</u> <u>about</u> all other allegations of injury.

4.  If the second paragraph D(1) is considered <u>blank</u>, then it does not require responsive pleading. If it simply references the "No" from the first paragraph D(1) using an arrow, then it is *admitted*. To the extent it states anything further, it is <u>denied.</u>

5.  To the extent paragraph D(2) alleges particular injuries to the Plaintiff, Defendants <u>lack knowledge or information sufficient to form a belief about</u> those allegations of injury.

6.  All allegations in the Complaint are <u>denied</u> unless expressly admitted above.

## OTHER DEFENSES

7.  Plaintiff has failed to state a claim upon which relief can be granted in whole or in part.

8.  The Court lacks subject-matter jurisdiction in whole or in part. Reasons include but are not limited to: the Eleventh Amendment bars any state-law claims, claims against the state of Kansas, and any official capacity claims.

9.  The shot fired by Defendant Bowling was not an unreasonable seizure of Plaintiff's person under the circumstances.

10. Qualified immunity bars Plaintiff's individual capacity claims against Defendant Bowling.

11. Governmental immunity under the Kansas Tort Claims Act applies to bar any state-law claims.

12. Alternatively, the Plaintiff's damages are not of the nature and extent alleged.

13. Defendants reserve the right to assert any additional defenses for which discovery and

subsequent investigation reveal a basis.

Therefore, the Defendants request that the Court enter judgment in their favor denying Plaintiff the relief he seeks, and for such other relief as the Court deems just and proper.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
KRIS W. KOBACH

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of September, 2023, the foregoing document was filed with the clerk of the court by using the CM/ECF system, with a copy to be served by means of first-class mail on the 22nd day of September, 2023, postage prepaid, addressed to:

Shannon D. Wren
Jackson County Jail
210 US Hwy 75
Holton, KS 66436
*Plaintiff, pro se*

*/s/ Matthew L. Shoger*
Matthew L. Shoger
Assistant Attorney General