Rev. 1/6/2023

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHANNON D. WREN,

    Plaintiff,

v.

CHRIS BOWLING, Highway Patrol Sergeant, State of Kansas and STATE OF KANSAS,

    Defendants.

Case No. 23-CV-3091

# ORDER

This matter is before the Court on Defendants' Motion to Stay, ("Motion"). **(ECF No. 25.)** Any response in opposition to the Motion was due from Plaintiff by October 12, 2023.[1] As of this date, Plaintiff has not filed any response, therefore, the Court will consider and decide the Motion as uncontested.[2] Despite the Court deeming the Motion uncontested, a brief discussion regarding the *Younger* Doctrine is warranted. For the reasons set forth herein, the Court **GRANTS** Defendants' Motion. **(ECF No. 25).**

On August 31, 2023, Plaintiff filed his amended complaint bringing this action against Defendants pursuant to 42 U.S.C. § 1983 alleging, among other claims, violations of his Fourth, Eighth, and Fourteenth Amendment Rights when he was shot after an attempt to flee from law enforcement on August 19, 2020.[3] Plaintiff alleges he was fleeing from police but was not a threat to anyone but himself because he was holding a knife to his own

---

1 D. Kan. Rule 6.1(d).
2 D. Kan. Rule 7.1(c).
3 ECF No. 22.

throat and threatening suicide just prior to surrendering in compliance with law enforcement's instructions, at which time he was shot by Defendant Bowling.[4] Defendants filed the instant Motion to stay the case under the *Younger* doctrine due to the underlying criminal charges pending against Plaintiff which stem from his attempt to flee and eventual arrest.[5] The pending criminal charges include attempting to flee or elude law enforcement and interference with law enforcement.[6]

Even if a federal court has jurisdiction to hear a claim, it may be required to abstain when a federal judgment might interfere with an ongoing state case.[7] This principle is commonly referred to as the *Younger* doctrine. The *Younger* abstention doctrine precludes this Court from interfering with pending state court proceedings.[8] In determining whether the *Younger* abstention applies, a court considers whether: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."[9] "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district

---

[4] ECF No. 22.
[5] ECF No. 25.
[6] ECF No. 25, Exh. A.
[7] *D.L., et al. v. Unified School District No. 497, et al.*, 392 F.3d 1223, 1227 (10th Cir. Dec. 27, 2004) (citing *Younger v. Harris,* 401 U.S. 37, 54, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)).
[8] *Jackson v. Ash*, No. 16-3124-SAC, 2016 WL 3541736, at *2 (D. Kan. June 29, 2016) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).
[9] *Id.* at * 3 (citing *Weitzel v. Div. of Occupational & Prof'l Licensing of Dep't of Commerce of State of Utah*, 240 F.3d 871, 875 (10th Cir. 2001)).

court is required to abstain."[10] Based on the information provided by Defendants, and the fact that Plaintiff does not dispute the assertion, there are criminal proceedings pending against him in state court, satisfying the first factor of *Younger*.[11] The second factor is met because the criminal proceedings allow Plaintiff a forum to litigate his constitutional claims, including trial, direct appeal and post-conviction remedies.[12] Finally, the third factor is met because the State of Kansas has a clear important state interest in prosecuting and enforcing its criminal laws.[13]

The Court finds all three factors are met here as Plaintiff's criminal case is ongoing, the state court provides an adequate forum, and has an interest in correcting any alleged violations of a state prisoner's federal rights. As in *Wright v. Henry*, the question of whether Plaintiff attempted to elude law enforcement is "intertwined with the question of whether [Defendants] used excessive force"[14] requiring abstention under the *Younger* doctrine. However, the state criminal proceedings do not allow Plaintiff to recover monetary relief in defense of his criminal charges, and because his claims may become time-barred by the time the state prosecution is complete, staying the federal case until the criminal proceedings are final is appropriate.[15]

---

10 *Lawrence v. Wright*, No. 22-3203-JWL, 2022 WL 16527245, at *3 (D. Kan. Oct. 28, 2022) (citing *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished)).
11 ECF No. 25, Exh. A.
12 *See Lawrence,* 2022 WL 16527245, at *3 (D. Kan. Oct. 28, 2022); *Capps v. Sullivan,* 13 F.3d 350, 354 n.2 (10th Cir. 1993).
13 *Lawrence* at *3 (citing *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007)).
14 No. 20-3079-SAC, 2020 WL 5819682, at *3 (D. Kan. Sept. 30, 2020)(citing *Boothe v. Sherman*, 66 F. Supp. 3d 1069, 1074 (N.D. Ill. 2014)).
15 *See Wright* at *3.

3

IT IS THEREFORE ORDERED Defendants are to provide this Court a status report within fourteen (14) days of the expiration of time to file any appeal in the underlying state criminal case.

IT IS SO ORDERED.

Dated October 31, 2023, at Wichita, Kansas.

s/ Gwynne E. Birzer
_____
GWYNNE E. BIRZER
U.S. Magistrate Judge