IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHANNON D. WREN,

        Plaintiff,

v.                                                                           Case No. 23-3091-JWB

CHRISTOPHER BOWLING and THE STATE OF KANSAS,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motion for partial judgment on the pleadings. (Doc. 40.) Plaintiff has failed to file a response and the time for doing so has now passed. Defendants' motion is GRANTED for the reasons stated herein.

**I.    Facts**

The facts are taken from Plaintiff's amended complaint. On August 19, 2020, Plaintiff was fleeing from police and went into the woods.[1] (Doc. 22 at 2.) During a standoff with officers, Plaintiff had a knife that he held to his throat and told officers that he was going to kill himself. Officers made demands on Plaintiff. Ultimately, Plaintiff walked down a hill, set his "girl on a log," and intended to throw his knife down when Kansas Highway Patrol Officer Bowling shot him. (*Id.*) Plaintiff suffered serious injuries as a result.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. Plaintiff has asserted the following claims against Defendant Bowling and the State of Kansas: violations of his 1) Fourth; 2) Eighth; 3) Fourteenth; and 4) Ninth Amendment rights. Plaintiff has also listed the following additional

---

[1] Plaintiff fails to identify the location of this incident although the court assumes it was in Kansas due to the involvement of the Kansas Highway Patrol.

claims: 5) negligence; 6) excessive force; 7) police brutality; 8) bodily harm; 9) personal injury; 10) officer misconduct; 11) "prejustice" [sic]; 12) discrimination; 13) wrongful injury; and 14) abuse of power. (Doc. 22 at 4–6.) These additional claims were identified in a list without additional explanation. Plaintiff seeks significant monetary damages against Defendants. (*Id.* at 8.)

Defendant Kansas moves for dismissal on the basis of sovereign immunity. Defendant Bowling moves for dismissal of all claims against him in his official capacity. He further moves for dismissal of all claims, except the claims of excessive force (count 6) and the alleged violation of Plaintiff's Fourth Amendment rights (count 1), on the basis that Plaintiff has failed to state a claim. Alternatively, Bowling asserts that he is entitled to qualified immunity. Plaintiff failed to file a response to the motion.[2] Although this court's local rules provide that a party's failure to respond to a motion results in the motion being granted as uncontested, the court cannot grant a dispositive motion based solely on Plaintiff's failure to respond. *See Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003). The court will therefore address Defendants' arguments on the merits.

**II.    Standard**

A motion for judgment on the pleadings utilizes the same standard as motions under Rule 12(b)(6). In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). All well-pleaded facts and the reasonable inferences derived

---

[2] The court notes that the docket sheet reflects that recent mailings have been returned to the court as undeliverable. (Docs. 45, 46.) Plaintiff has a duty to update the court as to his address and he has failed to do so. Further, Plaintiff failed to appear for the last status conference. (Doc. 44.) Should Plaintiff continue to fail to meaningfully participate in this matter, his claims could be subject to dismissal for failure to prosecute. Fed. R. Civ. P. 41.

from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Pro se pleadings are construed liberally, but a district court cannot assume the role of an advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And pro se plaintiffs must follow the same rules of procedure that govern represented litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**III.   Analysis**

**A.  State of Kansas and Official Capacity Claims**

Defendants move for dismissal of the claims against Kansas and the claims against Bowling in his official capacity on the basis that the claims are barred by the Eleventh Amendment. Claims for monetary damages against a state are barred by the Eleventh Amendment as are monetary claims against a state official in his official capacity since they are construed as claims against the State. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Plaintiff seeks relief in the form of money and he also asks for state criminal charges to be brought against Bowling. Plaintiff's requested relief of criminal referral is not a remedy which this court can provide. *See Blake v. Williams*, No. 23-3186-JWL, 2024 WL 196751, at *1 (D. Kan. Jan. 18, 2024) (holding that "the Court is not authorized to direct state or federal prosecutorial authorities to bring a criminal case against any of the defendants.") (citing *State ex rel. Rome v. Fountain*, 678 P.2d 146 (Kan. 1984) and *Maine v. Taylor*, 477 U.S. 131, 136 (1986)). Therefore, because the only requested available relief in this matter is monetary damages, these claims are dismissed for lack of subject matter jurisdiction.

**B.  Remaining Claims**

Excessive Force and related claims. Plaintiff's amended complaint alleges excessive force by Defendant Bowling in violation of several constitutional amendments. "Excessive force claims can be maintained under the Fourth, Fifth, Eighth, or Fourteenth Amendment . . . and each carries with it a very different legal test." *Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010). Excessive force claims arising from force used "leading up to and including an arrest" are properly analyzed under the Fourth Amendment. *Estate of Booker v. Gomez*, 745 F.3d 405, 419 (10th Cir. 2014) (citation and internal quotation marks omitted). The Fourteenth Amendment applies to pretrial detainees - "one who has had a 'judicial determination of probable cause as a prerequisite to [the] extended restraint of [his] liberty following arrest." *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 536 (1979)). Because Plaintiff's complaint alleges excessive force used during his seizure, the Fourth Amendment provides the applicable standard. *Humes v. Cummings*, No. 18-2123-DDC, 2018 WL 4600717, at *6 (D. Kan. Sept. 25, 2018). The Fourth Amendment is applicable to Defendant Bowling, as a state actor, through the Fourteenth Amendment. *Bailey v. United States*, 568 U.S. 186, 192 (2013). To the extent Plaintiff intended to assert a due process claim under the Fourteenth Amendment, it is dismissed as the Fourth Amendment is the proper standard in this action. *Booker*, 745 F.3d at 419. Further, to the extent Plaintiff intended to bring an Equal Protection claim under the Fourteenth Amendment, he has failed to allege any facts that would support such a claim. Plaintiff's claim under the Eighth Amendment is also dismissed because the Fourth Amendment is the correct standard here with respect to Plaintiff's claim of excessive force. *Id.*

Ninth Amendment. Plaintiff also asserts a violation of his Ninth Amendment rights. Such a claim fails because an individual "cannot pursue a claim for an alleged violation of the Ninth

4

Amendment in a suit under § 1983." *Holmes v. Town of Silver City*, 826 F. App'x 678, 682 (10th Cir. 2020).

Negligence. Plaintiff also asserts a claim of "negligence." (Doc. 22 at 6.) Plaintiff, however, fails to provide any basis for this claim other than the use of force. Bowling moves for dismissal of this claim on the basis that it should be construed as a claim for battery and it is barred by the statute of limitations. The Kansas Supreme Court recently reiterated that for statute of limitations purposes the court considers the substance of the claim instead of how a plaintiff labels his claim in a pleading. *Unruh v. City of Wichita*, 318 Kan. 12, 14, 540 P.3d 1002, 1004 (2024). Significantly, a tort claim related to an officer's use of force is a battery unless a plaintiff sufficiently alleges an "independent breach of a standard of care beyond that of not using excessive force in making an arrest." *Id.* at 17 (citation omitted). Plaintiff cannot "assert a negligence claim based *solely* on an officer's intentional use of physical force." *Id.* at 30. Plaintiff's complaint fails to allege an independent breach and therefore his claim must be construed as one for battery. *Id.*

A battery claim has a one-year statute of limitations. *See* K.S.A. § 60-514(b). Plaintiff was seized by force on August 19, 2020, and this matter was not filed until March 31, 2023. (Doc. 1.) Therefore, because this cause of action was filed more than one year after the alleged battery, even excluding the time period that actions were tolled by the Kansas state courts due to COVID-19, Plaintiff's claim is barred by the statute of limitations. *See Korgan v. Est. of Hansen by & through Cramer*, No. 21-2567-JWB, 2022 WL 4465074, at *1 (D. Kan. Sept. 26, 2022) (discussing the time period that the statute of limitations was tolled in Kansas and explaining that such period ended on April 15, 2021).

Remaining Claims. Plaintiff also lists a number of additional claims but fails to provide any factual support for these claims nor does he provide the basis for such claims under federal or

5

state law. Defendant Bowling moves for dismissal of these claim on the basis that they fail to state a claim. The court agrees. A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall*, 935 F.2d at 1110. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. Plaintiff's amended complaint merely lists several additional claims without any factual support. This is not sufficient and the court declines to create arguments or find authority to support Plaintiff's conclusory claims. The court further notes that this is a § 1983 action which is based on violations of federal law and a "violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994).

**IV.     Conclusion**

Defendants' partial motion to dismiss is GRANTED. Plaintiff's claims against the State of Kansas and Defendant Bowling in his official capacity are DISMISSED FOR LACK OF JURISDICTION. Plaintiff's claims against Defendant Bowling in his individual capacity as set forth in counts 2–5 and 7–14 are DISMISSED.

IT IS SO ORDERED. Dated this 16th day of September 2024.

                                                                              s/ John W. Broomes  
                                                                              JOHN W. BROOMES  
                                                                              UNITED STATES DISTRICT JUDGE