IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHANNON D. WREN,

        Plaintiff,

v.                                          Case No.  23-3091-JWB

CHRISTOPHER BOWLING,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Magistrate Judge Birzer's notice and order to show cause. (Doc. 49.)  In that order, Plaintiff was ordered to show cause to the undersigned why this action should not be dismissed without prejudice for failure to prosecute.  Plaintiff has not responded to the order and the time for doing so has now passed.

This 42 U.S.C. § 1983 action was filed on March 31, 2023.  Plaintiff proceeds pro se and filed claims against Defendant Christopher Bowling and the State of Kansas.  (Doc. 1, 22.) Plaintiff was allowed to proceed in forma pauperis.  (Doc. 5.)  On August 23, 2023, Plaintiff appeared for a status conference.  This matter was stayed pending Plaintiff's related state criminal proceedings.  (Doc. 28.)  After the court was notified by both parties (Docs. 34, 35) that the state proceedings had concluded, a status conference was set.  Plaintiff was notified by regular mail at his last known address.  (Doc. 38.)  Defendants then moved for dismissal.  (Doc. 40.)  The court modified the status conference to a hearing on a motion to stay discovery and an attempt was made to notify Plaintiff by mail at his reported address.  (Doc. 42.)

On May 30, 2024, the motion hearing was held and Plaintiff failed to appear.  Plaintiff has not updated his address since the April 26, 2024 status report.  In June, the court received two

return mail notices, indicating that the notices for the May hearings were undeliverable to Plaintiff's last known address. (Docs. 45, 46.)

On September 16, 2024, the undersigned granted Defendants' motion, dismissing all claims against the State of Kansas and some claims against Defendant Bowling. The only remaining claims in this matter are Plaintiff's claims of excessive force against Defendant Bowling in his personal capacity. (Doc. 47.) In that order, the court also noted that Plaintiff has a duty to update the court as to his address and that it appeared he had failed to do so based on the returned mail. (*Id.* at 2, n.2.) The memorandum and order was mailed to Plaintiff at his last known address but was again returned to the court as undeliverable. (Doc. 50.)

In light of the ruling on the motion to dismiss, Magistrate Judge Birzer set a telephone status conference. The notice of the hearing was again mailed to Plaintiff. (Doc. 48.) Plaintiff did not appear for the status conference. One month later, the court received the notice and it was marked as undeliverable. (Doc. 51.)

Federal Rule of Civil Procedure 41(b) authorizes the court to involuntarily dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 & n.3 (10th Cir. 2003) ("[T]he Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."). Although a dismissal with prejudice requires the court to address the factors under *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), "a district court need not follow 'any particular procedures' when dismissing an action without prejudice under Rule 41(b)." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co*., 497 F.3d 1135, 1143 n.10 (10th Cir. 2007).

In this case, it is clear that Plaintiff has moved and has not provided his updated address to the court.  Under this court's local rules, pro se parties and attorneys are required to notify the clerk of any change of address.  D. Kan. R. 5.1(b)(3).  A pro se litigant "must follow the same rules of procedure that govern other litigants."  *Santistevan v. Colorado Sch. Of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005).  The last filing received from Plaintiff was on April 26, 2024, and it included Plaintiff's address.  (Doc. 35.)  Items mailed to Plaintiff at this address after April 2024 have been returned as undeliverable.  Plaintiff has a duty to prosecute his action that he filed and notify the court of any change in address.  Plaintiff has failed to do so and several months have passed.  As a result of Plaintiff's conduct, the court and Defendant are unable to proceed in this matter. Therefore, the court finds that dismissal without prejudice is appropriate.  *See Santistevan*, 150 F. App'x at 931.

Plaintiff's amended complaint against Defendant Bowling is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.  Dated this 22nd day of October, 2024.

__s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE