IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHANNON D. WREN,

        Plaintiff,

v.                                                 Case No. 23-3091-JWB

CHRISTOPHER BOWLING,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on a letter received from Plaintiff. (Doc. 56.) This action was dismissed without prejudice on October 22, 2024 due to Plaintiff's failure to prosecute. A summary of the action is as follows.

This 42 U.S.C. § 1983 action was filed on March 31, 2023. Plaintiff proceeded pro se and filed claims against Defendant Christopher Bowling and the State of Kansas. (Doc. 1.) Plaintiff was allowed to proceed in forma pauperis. (Doc. 5.) On August 23, 2023, Plaintiff appeared for a status conference. This matter was then stayed pending Plaintiff's related state criminal proceedings. (Doc. 28.) After the court was notified by both parties in April 2024 (Docs. 34, 35) that the state proceedings had concluded, a status conference was set. Plaintiff was notified by regular mail at his last known address. (Doc. 38.) Defendants then moved for dismissal. The court modified the status conference to a hearing on a motion to stay discovery and an attempt was made to notify Plaintiff by mail at his reported address. (Doc. 42.)

On May 30, 2024, the motion hearing was held and Plaintiff failed to appear. Plaintiff has not updated his address since the April 2024 status report. In June, the court received two return

mail notices, indicating that the notices for the May hearings were undeliverable to Plaintiff's last known address. (Docs. 45, 46.)

On September 16, 2024, the undersigned granted Defendants' motion, dismissing all claims against the State of Kansas and some claims against Defendant Bowling. (Doc. 47.) In that order, the court also noted that Plaintiff had a duty to update the court as to his address and that it appeared he had failed to do so based on the returned mail. (*Id.* at 2, n.2.) The memorandum and order was mailed to Plaintiff at his last known address but was again returned to the court as undeliverable. (Doc. 50.)

In light of the ruling on the motion to dismiss, Magistrate Judge Birzer set a telephone status conference. The notice of the hearing was again mailed to Plaintiff. (Doc. 48.) Plaintiff did not appear for the status conference. On September 30, 2024, Magistrate Judge Birzer issued a show cause order in which she ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute. (Doc. 49.)

On October 22, the undersigned held that Plaintiff had failed to follow this court's rules to notify the clerk of his change in address in that he had failed to update his address for several months. (Doc. 52.) As a result of Plaintiff's conduct, the court and Defendant were unable to proceed in this matter. Therefore, the court held that dismissal without prejudice was appropriate. *Id.* Judgment was entered the same day. (Doc. 53.)

On December 2, 2024, Plaintiff sent a letter to the court in which he informed the court of his new address and that he was now ready to proceed with his case. (Doc. 56.) This matter has been dismissed without prejudice. To the extent that his letter may be construed as a motion to reopen the case or set aside judgment, Plaintiff's letter fails to provide any basis for the court to set aside judgment under Rule 60. Plaintiff also fails to offer any explanation as to why he failed

2

to prosecute this matter for several months. Further, Plaintiff's case was dismissed without prejudice. Therefore, he is free to refile his case. *See Washington v. Howard*, 588 F. App'x 774, 776 (10th Cir. 2014).

To the extent Plaintiff's letter seeks to reopen this closed matter, the motion is DENIED. IT IS SO ORDERED. Dated this 13th day of January, 2025.

                                                s/ John W. Broomes
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE